Evan Livingstone (SBN 252008)
LAW OFFICE OF EVAN LIVINGSTONE
740 4th St, Ste 215
Santa Rosa CA 95404
Phone: (707) 206-6570
Fax:   (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtors Gustavo and Jo Ann Brambila

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 19-10172 |
|---|---|
| Gustavo Brambila and Jo Ann Brambila | Chapter 12 |
| Debtor(s) | **SECOND AMENDED CHAPTER 12 PLAN** |

Gustavo Brambila and Jo Ann Brambila, (collectively, the "Debtors") propose this plan of reorganization (the "Plan") pursuant to the provisions of Chapter 12 of the Bankruptcy Code.

This Plan sets forth the Debtors' proposal for the satisfaction of certain claims against the Debtors. The Debtors hereby request that the Bankruptcy Court confirm the Plan. Further, pursuant to 11 U.S.C. § 1222(c), Debtors herein request that payments on the Plan extend to five (5) years.

The effective date ("Effective Date") of the plan shall be the day the Bankruptcy Court enters an order confirming the plan.

## ARTICLE I

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The claims against the Debtors are designated and classified below for purposes of the Plan.

1.1. **Class 1 (Secured Claim of Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Banc of America Alternative Loan Trust 2003-8, Mortgage Passthrough Certificates, Series 2003-8).** Class 1 consists of the allowed secured claim of

Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Banc of America Alternative Loan Trust 2003-8, Mortgage Passthrough Certificates, Series 2003-8, or its assignee, secured by a first priority Deed of Trust relating to the real property commonly known as 1021 Lorraine Dr, Napa, CA 94558.

    1.2.    **Class 2 (Priority Claims).** Class 2 consists of allowed claims entitled to priority pursuant to 11 U.S.C. §507.

    1.3.    **Class 3 (General Unsecured Claims).** Class 3 consists of all allowed unsecured claims against the Debtors not included or provided for in any other class.

## ARTICLE II

## TREATMENT OF CLAIMS UNDER THE PLAN

    2.1.    **Class 1 is impaired. (Secured claim of Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Banc of America Alternative Loan Trust 2003-8)** The holder of the Class 1 claim shall be paid an amount equal to the holder's interest in the Debtors' interest in the collateral, to be determined in accordance with Section 506 of the Bankruptcy Code. The payments shall be made in equal monthly installments of principal and interest at a market rate based upon a 30-year amortization. The market rate shall be 4.5%, unless the court determines otherwise. The value of the collateral shall be $1,323,850.00, unless the Court determines otherwise. Such holder shall retain its interest in the collateral, subject to avoidance by the Debtors of such interest pursuant to Section 506 of the Bankruptcy Code. If the Debtors are reducing the amount to be paid on the secured creditor's claim, Debtors shall file a separate motion to determine the value of the property. Any escrow amounts due for property taxes or insurance shall be paid through the Chapter 12 Trustee for the duration of the plan.

    2.2.    **Class 2 is impaired. (Priority Claims).** The holders of Class 2 claims shall be paid pro-rata, on a monthly basis, after payment of secured and administrative claims.

    2.7.    **Class 3 (General Unsecured Claims).** The holders of Class 3 claims shall be paid pro-rata after priority and administrative claims are paid in full. The amount to be paid to this class shall be 100% of the claims of this class. Debtors estimate that holders of the allowed unsecured claims would receive 100% if the estate were liquidated under Chapter 7 of the Code.

# ARTICLE III

## PLAN PAYMENTS AND EXPENSES OF ADMINISTRATION

3.1 **Payments.** Commencing on the first month following the Effective Date of the Plan, Debtors shall make payments to the Trustee on a monthly basis. Payments shall be made on or before the 20th day of each month for the term of the plan.

    3.1.1. The plan payments are estimated to be $4,300.00 per month for 60 months. All impaired claims shall be paid through the Chapter 12 Trustee. The monthly payments on the individual impaired claims are estimated as follows:

        Class 1 Claim (Claim of Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Banc of America Alternative Loan Trust 2003-8): estimated at $2,381.00 for 60 months. This amount includes escrow amounts due for property taxes and insurance. At the conclusion of the Plan, the Debtors shall make payments directly to the holder of the claim.

        Class 2 Claims shall be paid pro rata, on a monthly basis, after payment of all estimated payments listed above, and after payment of any administrative claims provided for in Section 3.1.3.

        Class 3 claims shall be paid pro-rata once all priority and administrative claims have been paid in full.

    3.1.2 **Trustee Fees**. The Trustee shall be paid from Debtors' payments as provided by the Bankruptcy Code and 28 U.S.C. §586.

    3.1.3. **Debtors' Counsel Fees**. Counsel for Debtors has received a total of $2,000 prior to the filing of the case. Counsel for Debtors shall apply to the Court for allowance of any future fees or expenses. Any future administrative expenses that may be allowed to Debtors' counsel shall be disbursed by the Chapter 12 Trustee from funds paid to the Trustee by the Debtors. Said funds shall be disbursed at a fixed monthly payment of $500 in conjunction with payments to Class 1 Claim.

/ / /

/ / /

# ARTICLE IV

## MISCELLANEOUS

4.1. **De Minimis Distributions.** Notwithstanding any other provision of the Plan, distributions of less than $100.00 need not be made on account of any allowed claim. Any distributions that would otherwise be made but for this provision shall carry over until the next distribution date until the cumulative amount to which any holder of an allowed claim is entitled to more than $100.00, at which time the cumulative amount of such distributions will be paid to such holder.

4.2. **Vesting**. The Debtors shall be revested with the assets of the estate on the Effective Date of the Plan subject to the terms of the Plan.

4.3. **Post-Confirmation Management.** After confirmation of the plan, the Debtors shall be free to operate their farming operations without further supervision or control by the Bankruptcy Court and free of any restrictions imposed by the Bankruptcy Code except as provided in the Plan or by an order of the Bankruptcy Court. Specifically, and without limitation, the Debtors may sell, lease, or refinance their property without further Order of Court, upon written approval of the Chapter 12 Trustee.

4.4. **Tax Returns.** The Debtors shall file all future tax returns and pay any and all taxes owed on a timely basis. Copies of all filed returns shall be provided to Trustee within 30 days of filing.

4.5 **Remedies Upon Default.** If Debtors default under this plan or do not complete the plan within 60 months, the Trustee, or any party in interest may request appropriate relief pursuant to Local Bankruptcy Rules. This relief may consist of, without limitation, dismissal of the case, or relief form the automatic stay to pursue rights against collateral.

4.6 **Impermissible Provisions**. Notwithstanding any other term in this plan, Debtors do not seek through the confirmation and completion of this plan either a determination of dischargeability of any debt or the discharge of any debt that is non-dischargeable as a matter of law in a Chapter 12 Case under 11 U.S.C. §1228.

| | | |
|---|---|---|
| Dated: July 2, 2019 | /s/Gustavo Brambila<br>Gustavo Brambila | /s/Jo Ann Brambila<br>Jo Ann Brambila |
| Dated: July 2, 2019 | /s/Evan Livingstone<br>Evan Livingstone, Attorney for Debtors | |