Gregory P. Campbell (SBN 281732)
gcampbell@aldridgepite.com
Gilbert R. Yabes (CA SBN 267388)
gyabes@piteduncan.com
**ALDRIDGE PITE, LLP**
4375 Jutland Dr., Ste. 200
P.O. Box 19734
San Diego, CA 92177-9734
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Creditor
Wells Fargo Bank, N.A., as Trustee for The
Certificateholders of Banc of America
Alternative Loan Trust 2003-8, Mortgage
Pass-Through Certificates, Series 2003-8

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>GUSTAVO BRAMBILA and<br>JO ANN BRAMBILA,<br><br>Debtor(s). | Case No: 19-10172-DM<br><br>Chapter 12<br><br>**OBJECTION TO CONFIRMATION OF DEBTORS' SECOND AMENDED CHAPTER 12 PLAN**<br><br>**SUBJECT PROPERTY**:<br>1021 Lorraine Drive<br>Napa, CA 94558<br><br>**HEARING:**<br>Date: August 6, 2019<br>Time: 1:20 PM<br>Place: 99 S E Street<br>       Santa Rosa, CA 95404<br>Judge: Hon. Dennis Montali |

    Wells Fargo Bank, N.A., as Trustee for The Certificateholders of Banc of America Alternative Loan Trust 2003-8, Mortgage Pass-Through Certificates, Series 2003-8 (hereinafter "Creditor") secured creditor of the above-entitled Debtors, Gustavo Brambila and Jo Ann Brambila (hereinafter "Debtors"), hereby objects to the Second Amended Chapter 12 Plan filed by Debtors in the above-referenced matter. The basis of the objection is stated below:

/././

/././

- 1 -

## I. STATEMENT OF FACTS

1. On or about June 19, 2003, Debtors, executed a promissory note in the principal sum of $400,000.00 made payable to Bank of America, N.A. (the "Note"), the performance of which is secured by a deed of trust (the "Deed of Trust") encumbering the real property better known as 1021 Lorraine Drive, Napa, California 94558 ("Subject Property"). A copy of the Note and Deed of Trust are attached the Proof of Claim filed by Creditor on May 24, 2019 as Claim No. 3. (*See* Court's Claim Register ("CCR"), Claim No. 3).

2. Subsequently, the Note and Deed of Trust were transferred to Creditor. (*See* CCR, Claim No. 3).

3. On March 19, 2019, Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division and were assigned Case No. 19-10172.

4. On May 24, 2019, Creditor filed a Proof of Claim in the amount of $366,222.16, with $369,740.31 in pre-petition arrears. The Proof of Claim indicates that the Subject matured on July 1, 2018. (*See* CCR, Claim No. 3).

5. On July 2, 2019, Debtors filed their Second Amended Chapter 12 Plan ("Plan"). The Plan classifies Creditor as the Class 1 secured claim and proposes to treat Creditor's claim as fully secured to be paid in full over 30 years at a fixed interest rate of 4.5%. Any escrow amounts due for property taxes and insurance shall be paid through the Chapter 12 Trustee for the duration of the Plan. (*See* Docket No. 18).

6. As of July 14, 2019, Creditor's payoff is in the amount of $372,559.16 good through July 31, 2019.

Creditor now objects to the Plan filed herein by the Debtors.

/././
/././
/././
/././
/././

## II. ARGUMENT

**A. THE DEBTORS' PLAN ATTEMPTS TO REDUCE THE INTEREST RATE PAID ON CREDITOR'S CLAIM WITHOUT IMPLEMENTING THE PRIME-PLUS FORMULA**

### 1. The Interest Rate Proposed by the Debtors' Plan is Not Fair and Equitable and Fails to Implement the Prime-Plus Formula

In the case of *Till v. SCS Credit Corp.*, 541 U.S. 465, (2004), the Supreme Court adopted a two-part "prime-plus" formula for determining the proper interest rate a debtor should pay on a secured claim that complies with the "cram down" provisions of the Bankruptcy Code. The Supreme Court in *Till* stated that:

> "the approach begins by looking to the national prime rate, reported daily in the press, which reflects the financial market's estimate of the amount a commercial bank should charge a creditworthy commercial borrower to compensate for the opportunity costs of the loan, the risk of inflation, and the relatively slight risk of default. Because bankrupt debtors typically pose a greater risk of nonpayment than solvent commercial borrowers, the approach then requires a bankruptcy court to adjust the prime rate accordingly. The appropriate size of that risk adjustment depends, of course, on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." *Id.* at 478-479.

In discussing the "prime-plus" interest rate calculation, the Supreme Court went on to explain that in starting from a concededly *low* estimate and adjusting *upward*, the evidentiary burden is placed squarely on the creditors, who are likely to have readier access to any information absent from the debtor's filing. *Id.* at 479. In *In re Fowler*, the Ninth Circuit held that under the formula approach, that a court "starts with a base rate, either the prime rate or the rate on the treasury obligation, and then adds a factor based on the risk of default and the nature of the security (the risk factor)." *In re Fowler*, 903 F.2d 694, 697 (9th Cir.1990). The current prime rate is 5.5%. FedPrimeRate, Current Wall Street Journal Prime Rate, FedPrimeRate.com (July 22, 2019, 3:48 p.m.), http://www.fedprimerate.com/.

In the present case, the Plan states that Creditor's claim shall be amortized over 360 months at 4.5% interest per annum. However, Creditor maintains that if the appropriate "prime-plus" formula is used, as prescribed in the *Till* case, the calculated interest rate to be paid by the Debtors will be significantly higher. In addition, Creditor recognizes that as required in the *Till* case, the

burden of proof for establishing the higher interest rate falls on the creditor, and as a result, Creditor is prepared to offer expert testimony at an evidentiary hearing in order to establish the appropriate interest rate to be paid by the Debtors, if the parties are unable to agree to a resolution of the applicable interest rate on Creditor's secured claim. Accordingly, the Court must deny confirmation of the Debtors' Plan or, in the alternative, require the Debtors to amend the Plan to remedy the above-referenced defects.

### 2. The Debtors' Proposed Interest Rate Fails to Incorporate the Debtors' Default Risk

Once the base rate is determined, the risk of default and nature of the security (the "risk factor") is added to the base rate. *In re Fowler*, 903 F.2d at 697. In *Fowler*, the Ninth Circuit stated that in assessing risk a court should scrutinize the expenses and revenue projections of a debtor to determine a debtor's risk factor. *Id*. at 698. Based on the Debtors' past expenses and defaults, the Court must increase the interest rate due to the Debtors' default risk. As discussed above, the Subject Loan matured on July 1, 2018 and Debtors have failed to payoff the Subject Loan as agreed upon. Accordingly, Debtors present a great default risk. Based on the foregoing, this Court should add no less than 1% to the prime rate due to the Debtors' default risk.

### 3. The Risks Associated with the Security

As stated in *Fowler*, the bankruptcy court should factor both the debtor's risk of a default and the nature of the security when establishing the appropriate cramdown interest rate. In the present case, the Subject Property is allegedly a farming property. As a consequence, assuming the Property is a legitimate farming operation, the Court should adjust the interest rate 2% as a result of the inherent risk associated with the nature of the Property. In sum, using the formula approach as set forth in *Fowler* and *Till*, the court must conclude that Creditor must be paid no less than **8.5%** (5.5% + 3% for risk adjustments) interest per annum on its secured claim on a fully amortizing loan. Accordingly, the Court must deny confirmation of the Debtors' Plan or, in the alternative, require the Debtors to amend the Plan to remedy the above-referenced defects.[1]

---

[1] Creditor did not believe an expert witness regarding interest rates was necessary at this stage in the proceedings as the evidence it used to support its proposed interest rate is based on the risk factors made part of the court's record by the Debtor's bankruptcy filings and the holding in In re Till.

### III. CONCLUSION

For the reasons set forth more fully above, the confirmation of the Debtors' Second Amended Chapter 12 Plan must be denied.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of Debtors' Second Amended Plan be denied; and
2. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: July 23, 2019

/s/ *Gilbert R. Yabes*
Gilbert R. Yabes (CA SBN 267388)
Attorneys for Creditor Wells Fargo Bank, N.A., as Trustee for The Certificateholders of Banc of America Alternative Loan Trust 2003-8, Mortgage Pass-Through Certificates, Series 2003-8